Ahren A. Tiller Esq. [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone (619) 894-8831
Facsimile: (866) 444-7026
Email: Ahren.Tiller@blc-sd.com

Attorneys for Plaintiff
REGINA COTA

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

REGINA COTA,

                Plaintiff,

     vs.

FORTIVA FINANCIAL LLC; and
BANK OF MISSOURI

          Defendants,

Case No.: '22CV1696 LL    NLS

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**

**(1) THE FDCPA (15 U.S.C. § 1692 *et. seq.*)**

**(2) THE RFDCPA (CAL CIV. C. § 1788 *et. seq.*)**

**(3) THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227 *et. seq.*)**

JURY TRIAL DEMANDED

## **COMPLAINT FOR DAMAGES**

### INTRODUCTION

1. REGINA COTA (hereinafter referred to as "Plaintiff"), by and through her Counsel of record, brings this action against FORTIVA FINANCIAL, LLC (hereinafter referred to as "FORTIVA") and BANK OF MISSOURI (hereinafter referred to as "BOM") (collectively referred to as "Defendants"), pertaining to actions by Defendants to unlawfully collect a debt allegedly owed by Plaintiff, including but not limited to, collection via the use of an Automated Telephone

- 1 -

*REGINA COTA vs. RADIUS GLOBAL SOLUTIONS, LLC et. al. - Complaint for Damages*

Dialing System ("ATDS") and/or Artificial or Prerecorded Voice in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act Cal. Civ. C. §§ 1788-1788.32 ("RFDCPA"), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act,15 U.S.C. §§ 1692, *et seq*, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.[1]

3. The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system.  The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others.  The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereinafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts.[2]  Cal. Civ. Code § 1877.17 incorporates the FDCPA into the RFDCPA, by stating that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of the Federal Fair Debt

---

[1] 15 U.S.C. § 1692(a)-(e)
[2] CA Civil Code §§ 1788.1(a)-(b)

Collection Practices Act, sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

4. The Telephone Consumer Protections Act (hereinafter referred to as "the TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

5. In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13. See also, *Mims,* 132 S. Ct., at 744.

6. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls like this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.
>
> *Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012)

7. Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding herself, which are made and based upon personal knowledge.

## JURISDICTION AND VENUE

8. This action is based on Defendants' violations of the FDCPA, RFDCPA, and TCPA.

9. This Court has jurisdiction over Defendants, pursuant to 28 U.S.C. § 1331, as the

unlawful practices alleged herein involve a federal question under both the FDCPA and TCPA.

10. This Court further has supplemental jurisdiction over Plaintiff's California Causes of action, pursuant to 28 U.S.C. § 1367(a), as Plaintiff's California state law claims are so related to Plaintiff's Federal TCPA and FDCPA claims in this action, that they form part of the same case or controversy.

11. The unlawful practices alleged herein occurred in California, in the County of San Diego, and violated California's Civil Code §§ 1788 - 1788.32.

12. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California. Furthermore, Defendants regularly conduct business within State of California, County of San Diego, and Plaintiff resides in San Diego County, California.

## PARTIES

13. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal. Civ. Code §1788.2(h), and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendant BOM, is, and at all times mentioned herein was, a National Bank headquartered in Perryville, MO.

16. Defendant BOM is, and all times mentioned herein, was a corporation and "person," as defined by 47 U.S.C. § 153(39).

17. Defendant FORTIVA is a Georgia Limited Liability Company whose primary business is the servicing of credit accounts and collection of debts on behalf of

- 4 -

*REGINA COTA vs. RADIUS GLOBAL SOLUTIONS, LLC et. al. - Complaint for Damages*

its clients.  Defendant FORTIVA's headquarters is in Atlanta, GA.

18. Defendant FORTIVA regularly attempts to collect using the mail, electronic communications, and the telephone, "consumer debts" allegedly owed to its clients, as that term is defined by Cal. Civ. Code §1788.2(f).

19. When individuals owe FORTIVA's clients' debts for consumer loans and credit cards, and other similar obligations, Defendant FORTIVA collects on behalf of its clients for those consumer debts using the mail, electronic communications, and the telephone.  Therefore, Defendant FORTIVA is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c) and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

20. Defendant FORTIVA's principal business purpose is the servicing of consumer credit accounts on behalf of its clients and the collection of debts owed to its clients, and FORTIVA regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, therefore Defendant FORTIVA is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21. Defendant FORTIVA is, and all times mentioned herein, was a corporation and "person," as defined by 47 U.S.C. § 153(39).

22. Cal. Civ. Code § 1877.17 states that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of the Federal Fair Debt Collection Practices Act, sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

23. At all times relevant hereto, Defendant FORTIVA used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) and/or placed calls to Plaintiff's cellular telephone using an automated or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. § 227(b)(1)(A).

24. This case involves money, property, or their equivalent, due, or owing or alleged to be due or owing from a natural person by reason of a "consumer credit transaction." Thus, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f), and a "debt" as that term is defined under Title 15 U.S.C. § 1692a(5).

## GENERAL ALLEGATIONS

25. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

26. Prior to 2020, Plaintiff was issued a consumer credit card by Defendant BOM (hereinafter the "Credit Account"). The Credit Account was issued by Defendant BOM, but serviced and collected upon by its agent, Defendant FORTIVA.

27. Plaintiff made payments toward her BOM Credit Account when she took it out and maintained good standing until approximately July of 2021 when Plaintiff fell on financial hardship and was unable to maintain the regular monthly payments to her BOM Credit Account.

28. Upon going into default on the subject Credit Account, Defendant FORTIVA began collecting against Plaintiff on behalf of the creditor Defendant BOM.

29. In response, to said collection efforts, Plaintiff sought out and retained an attorney to represent her with regards to the debts allegedly owed to Defendant BOM and serviced/collected upon by FORTIVA.

30. On July 26, 2022, an associate attorney at BLC Law Center, APC drafted and mailed a Cease-and-Desist letter to Defendant FORTIVA, whereby Plaintiff's Attorney stated in writing that Plaintiff was revoking consent to call her via the use of an ATDS and/or Recorded Voice, that Plaintiff had retained Counsel, and that FORTIVA needed to cease calling Plaintiff pursuant to the RFDCPA and FDCPA ("July 26, 2022 Letter"). The July 26, 2022 Letter referenced the last four digits of Plaintiff's social security number next to her name to help

1   Defendant FORTIVA identify Plaintiff's account.

2   31.  Said letter clearly informed BOM via its agent FORTIVA, as well as informed

3        Defendant FORTIVA directly, that Plaintiff was represented by Counsel, thus

4        the letter constituted written notice pursuant to Cal. Civ. Code §§ 1788.14(c) that

5        Plaintiff was represented by an attorney with respect to any debt allegedly owed

6        to or serviced by Defendant FORTIVA, and request was thereby made that all

7        communications regarding this alleged consumer debt must be directed

8        exclusively to Plaintiff's attorney, and the letter clearly revoked any prior

9        consent to contact Plaintiff via the use of an automated dialing system phone,

10       text, or other method, including but not limited to calls with a prerecorded or

11       automated voice messages.

12  32.  The July 26, 2022 Letter sent to FORTIVA made clear to all named Defendants

13       that Plaintiff was represented by Counsel, and that the letter constituted written

14       notice pursuant to Cal. Civ. Code §§ 1788.14(c) and 15 U.S.C. § 1692c(a)(2) that

15       Plaintiff was represented by an attorney with respect to any debt allegedly

16       serviced by or collected upon by FORTIVA, and request was thereby made that

17       all communications regarding this alleged consumer debt must be directed

18       exclusively to Plaintiff's attorney, and the Letter clearly revoked any prior

19       consent to contact Plaintiff via the use of an automated dialing system phone,

20       text, or other method, including but not limited to calls with a prerecorded or

21       automated voice messages.

22  33.  Despite FORTIVA receiving the July 26, 2022 Letter, Defendant FORTIVA

23       continued to willfully call Plaintiff's cellular telephone and request payments

24       using an ATDS and/or a Recorded Voice, often 2-3 times per day, almost every

25       single day.

26  34.  Defendant FORTIVA acted as Defendant BOM's authorized agent for the

27       express purpose of debt collection.  All acts in furtherance of collecting on the

28       Credit Account were within the scope of that agency relationship.

35. The collection calls described herein were made to Plaintiff's cellular telephone.

36. After receipt of the July 26, 2022 Letter to Defendant FORTIVA, Plaintiff estimates that she received at least another seventy-five (75) calls from Defendant FORTIVA on behalf of Defendant BOM.

37. Defendant FORTIVA called Plaintiff over seventy-five (75) times in total up through the date of this Complaint, despite receiving written notice that Plaintiff revoked any prior consent to call Plaintiff via the use of an ATDS and/or Recorded Voice, had retained Counsel for any debts serviced or collected upon by Defendants, and after providing an explicit warning that all direct contact with Plaintiff should cease pursuant to the RFDCPA and FDCPA.

38. Many of Defendant FORTIVA's calls to Plaintiff after receiving the letter contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

39. Defendant BOM retained Defendant FORTIVA for the explicit purpose of FORTIVA being BOM's agent for collection on the credit card owed to BOM.

40. Thus, all of the foregoing acts and failures to act by Defendant FORTIVA alleged herein were made as the agent(s) and/or sub-agent(s) of Defendant BOM, and all acts were committed in the scope of the agent(s) and/or sub-agent(s) employment and in furtherance of Defendant BOM's interests.

## CAUSES OF ACTION

### I.

### FIRST CAUSE OF ACTION

### Violations of the Fair Debt Collection Practices Act

### (15 U.S.C. § 1692 *et seq.*)

### [AS TO ALL DEFENDANTS]

41. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

- 8 -

*REGINA COTA vs. RADIUS GLOBAL SOLUTIONS, LLC et. al. - Complaint for Damages*

42. 15 U.S.C. § 1692d(5) provides in pertinent part,

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5)Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number

43. Further, 15 U.S.C. § 1692c(a)(2) states in pertinent part,

> (a)Communication with the consumer generally
> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
> (2)if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;…

44. When Plaintiff's Counsel sent the July 26, 2022 cease-and-desist Letter to Defendant FORTIVA, Defendant FORTIVA was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

45. When Plaintiff's Counsel sent the July 26, 2022 cease-and-desist Letter to Defendant FORTIVA, Defendant BOM was constructively aware, or reasonably should have been constructively aware, that Plaintiff was represented by an attorney.

46. By having their agent call Plaintiff on her cellular phone over seventy-five (75) times after receipt of the July 26, 2022 Letter from Plaintiff's Counsel making them aware Plaintiff was represented by Counsel, Defendant BOM violated 15 U.S.C. § 1692c(a)(2).

47. By calling Plaintiff on her cellular phone over seventy-five (75) times after receipt of the July 26, 2022 Letter from Plaintiff's Counsel making them aware Plaintiff was represented by Counsel, Defendant FORTIVA violated 15 U.S.C. §

1692c(a)(2).

48. By calling Plaintiff on her cellular phone after receipt of the July 26, 2022 Letter over seventy-five (75) times, Defendants FORTIVA and BOM thereby violated 15 U.S.C. § 1692d(5).

49. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

50. As a direct and proximate result of Defendants FORTIVA's violations of 15 U.S.C. §1692 *et. seq.*, Plaintiff suffered actual damages consisting of distress and an invasion of privacy.

51. The actions taken by Defendant FORTIVA alleged herein were made as the agent(s) of Defendant BOM and were committed in the scope of the agency relationship and in furtherance of the principal, Defendants BOM's interests. As such, Defendant BOM is constructively liable for its agent's violations of 15 U.S.C. §1692 *et. seq.*

52. As a result of the constant collection calls by Defendant FORTIVA on behalf of Defendant BOM, Plaintiff has experienced anxiety, irritability, and has at times been unable to calm down as the constant and harassing collection calls by Defendan FORTIVA are overwhelming. Therefore, Plaintiff has suffered actual damages as a result of Defendants' violations of 15 U.S.C. §1692 *et. seq.*

## II.

## SECOND CAUSE OF ACTION

## Violations of California's Rosenthal Fair Debt Collection Practices Act

## (California Civil Code § 1788 *et. seq.*)

[AS TO ALL DEFENDANTS]

53. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

54. Cal. Civ. Code §1788.14(c) provides in relevant part,

- 10 -

*REGINA COTA vs. RADIUS GLOBAL SOLUTIONS, LLC et. al. - Complaint for Damages*

No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

(c)  Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question.   This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

55. When Plaintiff's Counsel sent the July 26, 2022 cease-and-desist Letter to Defendant FORTIVA, Defendant FORTIVA was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

56. When Plaintiff's Counsel sent the July 26, 2022 cease-and-desist Letter to Defendant FORTIVA, Defendant BOM was constructively aware, or reasonably should have been constructively aware, that Plaintiff was represented by an attorney.

57. When Plaintiff's Counsel sent the July 26, 2022 Letter to Defendant BOM, Defendant BOM was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

58. When Plaintiff's Counsel sent the July 26, 2022 Letter to Defendant FORTIVA, Defendant BOM was constructively aware, or reasonably should have been constructively aware, that Plaintiff was represented by an attorney

59. When Plaintiff's Counsel sent the July 26, 2022 Letter to Defendant FORTIVA, FORTIVA was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney, and that Plaintiff was exerting her rights not to be contacted directly regarding the subject debt owed to Defendant BOM and/or serviced by Defendant FORTIVA.

60. By calling Plaintiff on her cellular phone over seventy-five (75) times after receipt of the July 26, 2022 Letter from Plaintiff's Counsel, Defendant BOM

- 11 -

*REGINA COTA vs. RADIUS GLOBAL SOLUTIONS, LLC et. al. - Complaint for Damages*

violated Cal. Civ. Code §1788.14(c).

61. By calling Plaintiff on her cellular phone after receipt of the July 26, 2022 Letter from Plaintiff's Counsel, Defendant FORTIVA violated Cal. Civ. Code §1788.14(c).

62. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

63. Further, as stated previous, Cal. Civ. C. § 1788.17 incorporates the FDCPA into the Rosenthal Fair Debt Collection Practices Act, therefore if an individual violated 15 U.S.C. § 1692(d), they in turn violate the RFDCPA.

64. 15 U.S.C. § 1692d(5) provides in pertinent part,

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number

65. Therefore, Defendant's acts of calling Plaintiff over seventy-five (75) times was a separate violation of 15 U.S.C. § 1692d(5), which is incoporated into the RFDCPA via Cal. Civ. C. § 1788.17.

66. The actions taken by Defendant FORTIVA alleged herein were made as the agent(s) of Defendant BOM and were committed in the scope of the agency relationship and in furtherance of the principal Defendant BOM's interests. As such, Defendant BOM is constructively liable for its agent's violations of Cal. Civ. C. § 1788 *et. seq.*

67. As a result of the constant collection calls by Defendant FORTIVA on behalf of Defendant BOM, Plaintiff has experienced anxiety, irritability, and has at times been unable to calm down as the constant and harassing collection calls by Defendant FORTIVA are overwhelming. Therefore, Plaintiff has suffered actual damages as a result of Defendants' violations of Cal. Civ. C. § 1788 *et. seq.*

- 12 -

*REGINA COTA vs. RADIUS GLOBAL SOLUTIONS, LLC et. al. - Complaint for Damages*

68. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

## II.

### THIRD CAUSE OF ACTION

### Negligent Violations of the TCPA

### (47 U.S.C. § 227 *et. seq.*)

[AS TO ALL DEFENDANTS]

82. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

83. Through the July 26, 2022 Letter sent by Plaintiff's Counsel to Defendant FORTIVA, Plaintiff revoked any alleged consent for Defendant BOM or its agents or representative Defendant FORTIVA to call Plaintiff on her cellular telephone via the use of an ATDS and/or Recorded Voice.

84. The foregoing acts and omissions of Defendant BOM and FORTIVA constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

85. As a result of Defendants BOM and FORTIVA's negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

86. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## IV.

### FOURTH CAUSE OF ACTION

### Knowing and/or Willful Violations of the TCPA

### (47 U.S.C. § 227 *et. seq.*)

[AS TO ALL DEFENDANTS]

87. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

- 13 -

*REGINA COTA vs. RADIUS GLOBAL SOLUTIONS, LLC et. al. - Complaint for Damages*

88. Through the July 26, 2022 Letter sent by Plaintiff's Counsel to Defendants BOM and then FORTIVA, and orally, Plaintiff revoked any alleged consent for Defendants BOM and FORTIVA or its agents or representatives to call Plaintiff on her cellular telephone via the use of an ATDS and/or Recorded Voice.

89. The foregoing acts of Defendants BOM and FORTIVA constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

90. Therefore, since Defendant BOM through its agent Defendant FORTIVA continued to call Plaintiff despite indisputably being informed not to call Plaintiff in writing sent by a third-party mailing service, and that Plaintiff had revoked any alleged prior consent to call Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, Defendants BOM and FORTIVA's acts were willful.

91. As a result of Defendant BOM and FORTIVA's knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, the Plaintiff is entitled to an award of $1,500 in statutory damages for each one of BOM and FORTIVA's over seventy-five (75) knowing and/or willful violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(C).

92. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff having set forth the claims for relief against Defendants herein, respectfully request this Court enter a Judgment against Defendants BOM and FORTIVA, jointly and severally as follows:

a. As to the First Cause of Action, an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1), according to proof.

b. As to the First Cause of Action, an award of statutory damages of $1,000.00

- 14 -

*REGINA COTA vs. RADIUS GLOBAL SOLUTIONS, LLC et. al. - Complaint for Damages*

pursuant to 15 U.S.C. § 1692k(a)(2)(A).

c. As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

d. As to the Second Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) according to proof.

e. As to the Second Cause of Action, an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b).

f. As to the Second Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30(c).

g. As to the Third Cause of Action, $500 in statutory damages for each one of Defendants' negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(B).

h. As to the Third Cause of Action, injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

i. As to the Fourth Cause of Action, $1,500.00 in statutory damages for each one of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(C).

j. For such other and further relief as the Court may deem just and proper.

Dated: November 1, 2022            By:    BLC Law Center, APC

_s/ Ahren A. Tiller_
Ahren A. Tiller, Esq.
Attorney for Plaintiff
REGINA COTA
Email: ahren.tiller@blc-sd.com

- 15 -

_REGINA COTA vs. RADIUS GLOBAL SOLUTIONS, LLC et. al. - Complaint for Damages_

## **DEMAND FOR JURY TRIAL**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury on all issues triable by a jury.

Dated: November 1, 2022          By:     BLC Law Center, APC

*s/ Ahren A. Tiller*
Ahren A. Tiller, Esq.
Attorney for Plaintiff
REGINA COTA
Email: ahren.tiller@blc-sd.com

*REGINA COTA vs. RADIUS GLOBAL SOLUTIONS, LLC et. al. - Complaint for Damages*